UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| SHARON CLARK | ) |
| | ) |
| Plaintiff, | ) CASE NO: _____ |
| | ) |
| v. | ) ***ELECTRONICALLY FILED*** |
| | ) |
| LOWE'S COMPANIES, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, (incorrectly identified in Plaintiff's Complaint as "Lowe's Companies, Inc.") ("Lowes"), by counsel, hereby removes this action from Perry County, Kentucky, Circuit Court to the United States District Court for the Eastern District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff commenced this action on or about April 1, 2019 by filing her complaint in the Perry Circuit Court, Civil Action No. 19-CI-00124. Defendant Lowe's was served with the complaint on April 4, 2019, a true and correct copy of which is attached as Exhibit A.

2. The complaint alleges that on or about August 20, 2018, Sharon Clark was injured when she fell over a low barrier at a Lowe's store. (*See*, Complaint, attached as Exhibit A, at ¶6-7).

## TIMELINESS OF REMOVAL

3.  Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4.  Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

5.  This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of Plaintiff's Complaint, which unequivocally stated that the damages in this action were "in excess of the jurisdictional limits of the United States District Court" and accordingly, was the paper from which it could first be ascertained that the case is one which has become removable. (*See*, Plaintiff's Complaint, at paragraph 29). Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on April 1, 2019.

## VENUE

6.  Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(3)(A) and 3.2(b) of the Joint Local Rules of Civil Practice because the Eastern District of Kentucky is the United States District Court for the

2

district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

7. This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

8. Sharon Clark was or is a citizen of the Commonwealth of Kentucky. (*See*, Complaint, Exhibit A, at ¶1).

9. Lowe's Home Centers, LLC, (incorrectly named as Lowe's Companies Inc.) is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is Lowe's Companies, Inc. (a corporation that was incorporated in North Carolina with a principal place of business in North Carolina). Regardless of Plaintiff's mistake in naming the correct Defendant, Plaintiff has acknowledged that Lowe's is a North Carolina company. Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky. (*See*, Complaint, Exhibit A, at ¶2).

10. Defendant Teresa Johnson ("Ms. Johnson") is not a proper party to this lawsuit, and she was fraudulently joined in an attempt to defeat diversity jurisdiction. Plaintiff's cause of action against Ms. Johnson alleges no independent acts of negligence by her, but instead attempts to define a duty of store managers to "maintain the premises and surrounding area…in a reasonably safe condition for

3

invitees" and "supervise and manage other Lowe's agents, servants, employees or representatives" (*Id.* at ¶20). Plaintiff's cause of action against Ms. Johnson, while difficult to parse, appears to allege negligence in the breach of this alleged duty to supervise the entirety of the store for dangerous conditions (*Id.* at ¶21). Defendants are not aware of such a "store manager's duty" under Kentucky law.

11. Later in her complaint, Plaintiff appears to allege facts that are closer to a traditional negligent supervision/hiring claim under Kentucky law. However, these claims must also fail, as Plaintiff has not alleged sufficient facts to support a negligent supervision or hiring claim.

12. In order to state a claim for negligent hiring and retention under Kentucky law, the Plaintiff must allege "(1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broek Dupont, Inc. v. Brooks*, 283 S.W. 3d 705, 733 (Ky. 2009). Furthermore, it has been noted that in Kentucky the tort of negligent hiring "has only been applied in cases in which a third party sues an employer whose employee committed a tort." *Harris v. Burger King Corporation*, 993 F. Supp. 2d 677, 692 (W.D. Ky. 2014). Any "employee" (which was never named in Plaintiff's Complaint) would not be an employee of Ms. Johnson but would rather be an employee of Lowe's.

13. Plaintiff's complaint has named no single employee that it believes in fact committed a tort, or was negligently retained or supervised by Defendant Ms.

4

Johnson. Plaintiff failed to assert a claim for negligent hiring, supervision or retention because it failed to allege that a specific employee committed a tort and was negligently supervised, hired or retained by Ms. Johnson. Even if plaintiff had alleged all of those elements, the "employer" is Lowe's – not Ms. Johnson.

14. If a non-diverse party is fraudulently joined, and there would be complete diversity without the fraudulently joined party, then removal to federal court is appropriate. *Saginaw Housing Commission v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009), *citing Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

15. According to the Sixth Circuit, "[f]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Id.*, *citing Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). The non-moving party's motive is immaterial. *Jerome-Duncan*, 176 F.3d at 907.

16. The Court may conclude that a non-diverse party was fraudulently joined if "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994), *citing Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). In other words, the Court should conclude that the non-diverse party was fraudulently joined if the removing party establishes that the plaintiff has "no colorable cause of action" against the non-diverse defendant. *Saginaw*, 576 F.3d at 624. In fact, if the removing party

5

presents sufficient evidence that plaintiff did not establish a cause of action against the non-diverse defendant under state law, then it may be concluded that the party was fraudulently joined. *Coyne*, 183 F.3d at 493, *citing Alexander*, 13 F.3d at 949.

17. Plaintiff's complaint does not establish a colorable claim against Teresa Johnson, nor is plaintiff capable of establishing a colorable claim against Ms. Johnson.

18. There are no allegations in plaintiff's complaint relating to any alleged individual acts or omissions by Teresa Johnson.

19. Accordingly, Teresa Johnson was fraudulently joined and should not be considered when determining whether there is complete diversity.

## AMOUNT IN CONTROVERSY

20. In Plaintiff's Complaint, Plaintiff unambiguously stated that the damages in this action were "in excess of the jurisdictional limits of the United States District Court" (*See*, Plaintiff's Complaint at ¶29).

21. Given the alleged nature and extent of Plaintiff's injuries and Plaintiff's explicit claims in the Complaint, the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER MATTERS

22. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to

this notice of removal as Exhibit B.

23. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court for Perry County, Kentucky.

24. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

25. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Laura L. Mays*
Laura L. Mays
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
859.219.8216 (t)
859.255.6903 (f)
laura.mays@steptoe-johnson.com

-and-

Nathaniel R. Kissel
Gene Smallwood, Jr.
127 Main Street, Suite C
Whitesburg, Kentucky 41858
606.633.4469 (t)
606.633.4460 (f)
nate.kissel@steptoe-johnson.com
gene.smallwood@steptoe-johnson.com

COUNSEL FOR DEFENDANT LOWE'S

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of May, 2018, a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

William R. Johnson, Esq.
Brittney N. Schaeffer, Esq.
JOHNSON LAW FIRM, P.S.C.
P.O. Box 1517
Pikeville, Kentucky 41501
*Counsel for Plaintiff*

*/s/ Laura L. Mays*
COUNSEL FOR DEFENDANT LOWE'S